IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEBRENNA MCDANIEL, | ) |
| PLAINTIFF, | ) |
| V. | ) CIVIL ACTION NO: |
| JUDICIAL CORRECTION SERVICES, INC. | ) |
| DEFENDANT. | ) JURY DEMAND |

## COMPLAINT

### I. NATURE OF CASE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, to recover unpaid work and overtime compensation owed to Plaintiff. Defendant required Plaintiff to work up to and in excess of forty hours a week without paying her overtime compensation.

### II. JURISDICTION

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

3. Defendant is subject to personal jurisdiction in the State of Alabama for the

purpose of this lawsuit.

## III. PARTIES

4. Plaintiff resides in Birmingham, Alabama and worked for Defendant at its Birmingham location since around October 5, 2010.

5. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA.

6. Defendants, Judicial Correction Services, Inc., (hereinafter referred to as "Defendant" or "JCS") is a corporation conducting business in the State of Alabama. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and Defendant was Plaintiff's employer as defined by §203(d) of the FLSA.

7. At all times relevant to this action, Defendant employed Plaintiff in an hourly position.

## IV. RELEVANT FACTS

8. Defendant provides offender management personnel and support services for local courts, including probation officials for initial probationary intake process, detailed record-keeping, monitoring, and performance reporting.

9. Defendant hired Plaintiff in or around October 2010 and paid her as an hourly employee.

10. Plaintiff was hired as an "Intake Officer" at Defendant's Birmingham office.

11. Defendant required Plaintiff to perform overtime work without payment during her tenure. Plaintiff accumulated the majority of this unpaid overtime by performing work before her paid shift, after her paid shift and during her lunch break.

12. Prior to reporting to her assigned Courtroom at 8:30 AM Plaintiff was required by Defendant to report to Defendant's offsite location at 8:15 AM to pick up her laptop, and frequently attended pre-shift meetings that started at 8:00 AM. Plaintiff was not paid for this time.

13. Every Friday Plaintiff would arrive an hour before her scheduled paid shift time to prepare court documents for probationers and perform other tasks necessary for her job; she was not paid for her time.

14. During and following reporting to Defendant's Birmingham office to pick up her laptop and attending the frequent unpaid pre-shift meetings, and prior to Plaintiff's paid shift time, Plaintiff began performing tasks that were integral and indispensable for her to perform her job, including, but not limited, to gathering and reviewing necessary paperwork, turning on her computer, launching computer applications such as her calendar, e-mail, and instant messenger programs.

15. Plaintiff received no compensation for this pre-shift work, which took place

during the thirty minutes prior to her paid shift starting.

16. At least four (4) days a week, Plaintiff's supervisor required her to work during her lunch break, handling a variety of tasks, despite the fact that Plaintiff was not paid during her lunch break.

17. After Plaintiff's paid shift time, Plaintiff continued performing work, including continuing to process probationary intake paperwork, speaking with other employees on her probationer management team, closing out of her various computer programs, taking confidential documents to the shredder, and taking mail to the mailbox on a different floor and other integral tasks.

18. Plaintiff often continued working for an hour beyond her paid shift time and received no compensation for that work.

19. Defendant was aware that Plaintiff worked in excess of forty hours a week without compensation for those overtime hours.

20. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

21. Defendant has not made a good faith effort to comply with the FLSA.

## V. CAUSES OF ACTION

### A. Failure to Pay Wages and Overtime in Violation of the FLSA

22. The services performed by Plaintiff were a necessary and integral part of and directly essential to Defendant's business.

23. Plaintiff was required to work hours which were not compensated for at one and half times her regular rate if over forty hours.

24. Defendant has willfully and intentionally failed and/or refused to record and pay Plaintiff for wages and overtime rates according to the provisions of the FLSA.

25. For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to pay wages and overtime pay when employees perform work. Despite this knowledge, Defendant has failed to pay Plaintiff the mandatory overtime wages she is entitled to receive as required by the FLSA.

26. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive unpaid wages and overtime wages in accordance with the FLSA.

27. In addition to the amount of unpaid overtime wages owed to Plaintiff, Plaintiff is also entitled to recover an additional equal amount as liquidated damages, prejudgment and post judgment interest.

**WHEREFORE** Plaintiff prays for the following relief:

1. Award Plaintiff damages in the amount of her respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment and post-judgment interest;

2.  Enter an Order requiring Defendant to make Plaintiff whole by awarding her lost wages (plus interest), lost overtime (plus interest), liquidated damages, and pre and post judgment interest;

3.  Award Plaintiff reasonable attorneys' fees, including the costs and expenses of this action; and

4.  Award Plaintiff such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

Jon C. Goldfarb asb-5401-F58J
Daniel E. Arciniegas asb-7809-d67a
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANTS' ADDRESSES**:
Judicial Correction Services, Inc.
c/o CT Corporation System
2 N Jackson St, Ste 605
Montgomery, AL 36104